IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,         Case No. 3:24-cr-00080-JGC-1

    Plaintiff,

v.        **ORDER**

Joshua Curtis Coker,

    Defendant.

In this case, the defendant stands charged with one count of being a felon unlawfully in possession of a firearm. The charge results from the seizure of several firearms recovered following return of an indictment against the defendant in the United States District Court for the District of Columbia.

That indictment arose from the defendant's involvement in the insurrectionist entry into the United States Capitol on January 6, 2021. According to the Presentence Investigation Report (PSR) in that case, though the defendant was among the first to enter the Capitol,[1] he also left the building after having been present for about forty minutes. Presentence Investigation Report, *United States v. Coker*, No. 23-cr-00362 (D.D.C. May 9, 2024), Doc. 32.

Initially charged in a five-count indictment in the United States District Court for the District of Columbia, the defendant ultimately entered, pursuant to a plea agreement, a guilty plea to one count of disorderly and disruptive conduct in a restricted building or grounds in

---

[1] His entry into the Capitol is readily apparent in photographs from the event. (Doc. 11, PgID. 75).

1

violation of 18 U.S.C. § 1752(a)(2). Plea Agreement, *United States v. Coker*, No. 23-cr-00362 (D.D.C. Jan. 24, 2024), Doc. 25.

The PSR in that case indicates that among the defendant's prior convictions was unlawful attempted possession of a firearm by a felon. The defendant has also had prior terms of post-conviction probation or release revoked, and he has previously served an estimated cumulative total of fifteen months imprisonment.

Despite the defendant's prior problems of non-compliance with terms of supervisory oversight, a Sentencing Guideline Range of four to ten months, and the defendant's participation in activity that, at the very least, substantially disrupted the otherwise normal performance by the Vice President of his constitutional duties, the District Judge in the Insurrection Case varied the defendant's sentence downward. The Judge gave the defendant a three-year probationary term, with the first eight months to be served in home confinement.

The defendant has been compliant so far with the terms and conditions of both his probationary term in the Insurrection Case and his conditions of supervised release in the instant case. Nonetheless, I decline to grant the defendant's request to leave our District for the holidays. To do otherwise would be to denigrate and disregard the seriousness of the defendant's criminal conduct on January 6, 2021. It would further minimize the seriousness of the instant charge. And it would diminish the significance and intended consequences of home confinement.

The defendant should be constantly relieved – indeed, satisfied – with the lenient treatment from which he has benefited since his conviction. He certainly should not expect to be relieved of the relatively modest restrictions (compared with those in a federal prison) that he currently enjoys.

Aside from that, the defendant remains charged with having been engaged in the commission of a serious crime during the period following his insurrectionist activities. That he may have been in possession of multiple weapons in the months following conduct for which he is serving a relatively lenient sentence is troublesome.

All in all, it behooves the defendant, under all the circumstances, to continue successfully serving his current term. He would be missing the holidays were he in prison, and I see no reason why it is inappropriate for him to miss them now.

As his attorney, I trust, has told the defendant: how well he does while on pretrial release (concurrently, of course, with his probationary term) can potentially have a significant effect on what can happen if he were to be convicted of his currently pending charge.[2]

## Conclusion

At sentencing, the defendant was the beneficiary of not insignificant judicial grace. Under all the circumstances, I reserve the right independently to decide whether to extend further grace of any sort when and if the opportunity arises. For now, I agree with the government that I should not moderate the terms of a period of home confinement that another judge deemed independently to be sufficient, but not greater than necessary, to accomplish the purposes of the defendant's sentence.

Accordingly, it is hereby ORDERED THAT the defendant's motion for permission to travel for the upcoming holiday shall be, and hereby is, denied.

SO ORDERED.

---

[2] I do not, of course, presume that the defendant is guilty, will plead guilty, or will be found guilty at a trial, nor that a time will come when I must determine what sentence might be sufficient, but not greater than necessary, to fulfill the objectives of sentencing under 18 U.S.C. § 2553(a).
 I simply want the defendant to understand, as I try to have all defendants in cases assigned to me understand, that how one does on pretrial release can make a difference down the road. One way. Or the other.

*/s/ James G. Carr*

Sr. U.S. District Judge